UNITED STATES DISTRICT COURT    **O**
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| PEDRO RANGEL-HERNANDEZ | § | |
| | § | |
|    Petitioner | § | |
| VS. | § | CIVIL ACTION NO. L-09-57 |
| | § | CRIMINAL ACTION NOS. L 06-1746 |
| | § | L-07-385 |
| | § | |
| UNITED STATES OF AMERICA | § | |

### MEMORANDUM AND ORDER

Pending before the Court is Pedro Rangel-Hernandez's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. [Dkt. No. 1].[1] After careful consideration of the petition, the facts of the case, and the governing law, the Court **DISMISSES** the petition.

**I.   BACKGROUND AND PROCEDURAL HISTORY**

On June 29, 1998, Petitioner pled guilty to Conspiracy to Possess with Intent to Distribute Amphetamines, and was sentenced to a term of 45 months in custody and 3 years of supervised release. [Cr. No. 5:07-cr-385, Dkt. No. 1]. On December 7, 2001, at the end of his term of custody in this conspiracy case, Petitioner pled guilty to Money Laundering, and was sentenced to a term of thirty seven (37) months in custody and three (3) years of supervised release. [Cr. No. 5:06-cr-1746, Dkt. No. 1]. On December 23, 2004, Petitioner was released from custody, and began his dual 3-year terms of supervised release, which ran concurrently. [Cr. No. 5:07-cr-385, Dkt. No. 1; Cr. No. 5:06-cr-1746, Dkt. No. 1]. Five days later, on

---

[1] "Dkt. No." refers to the docket number entry for the Court's electronic filing system. The Court will cite to the docket number entries rather than the title of each filing. "Dkt. No." will be used to refer to filings in case number 5:09-cv-57. "Cr. Dkt. No." will be used to refer to filings in criminal cases, followed by the specific case number.

December 28, 2004, Petitioner was deported to Mexico. [Cr. No. 5:06-1529, Pre-Sentence Investigation Report ¶ 5].

On October 11, 2006, U.S. Border Patrol agents encountered Petitioner in downtown Laredo. [*Id.*] The agents arrested Petitioner after he admitted he was a Mexican citizen and illegally in the United States. [*Id.*] On November 7, 2006, a federal grand jury in Laredo, Texas returned a one-count indictment against Petitioner for illegal re-entry after being deported from the United States in violation of Title 8, United States Code, Section 1326, and Title 6, United States Code, Sections 202 and 557. [Cr. No. 5:06-1529, Dkt. No. 5]. Petitioner decided to forego trial and entered a plea of guilty to the indictment before United States Magistrate Judge Adriana Arce-Flores. [Cr. No. 5:06-1529, Dkt. No. 11].

To aid in determining Rangel-Hernandez's sentence, the Court directed the Probation Office to prepare a Pre-sentence Investigation Report ("PSR"). During the preparation of the report, the Probation Office discovered that Rangel-Hernandez, by committing the instant crime, had violated the terms of his supervised release in both previous federal felony cases (Cr. No. 5:07-cr-385 and Cr. No. 5:06-cr-1746). On May 15, 2007, the Court held a hearing on the revocation of supervised release in these two cases and, thereafter, revoked supervised release in both cases. [Cr. No. 5:06-1746, Min. Entry 5/15/2007; Cr. No. 5:07-385, Min. Entry 5/15/2007]. The Court then sentenced Rangel-Hernandez in the two revocation cases to eighteen (18) months in custody for Cr. No. 5:06-1746 and eight (8) months in custody for Cr. No. 5:07-385. [Cr. No. 5:06-1529, Min. Entry 5/15/2007, Dkt. No. 22]. Also at this hearing, the Court sentenced Rangel-Hernandez for the crime of illegal reentry in Cr. No. 5:06-1529 to a term of eighty-five (85) months imprisonment. [*Id.*]. The Court ordered that all three sentences be served consecutively, for a total of one hundred and eleven (111) months imprisonment. [*Id.*].

Petitioner appealed the revocation of his supervised release in both Cr. No. 5:06-1746 and Cr. No. 5:07-385. [CA. No. 07-40504; CA. No. 07-40520]. He did not appeal his new conviction in 5:06-cr-1529 for illegal re-entry into the United States. On April 16, 2008, the U.S. Court of Appeals for the Fifth Circuit affirmed Rangel-Hernandez's conviction and sentences for violating his supervised release resulting from his convictions of conspiracy to launder money and conspiracy to possess with intent to distribute amphetamines. [CA. No. 07-40504; CA. No. 07-40520].

Petitioner now challenges his eighteen (18) and eight (8) month sentences[2] for violation of supervised release under 28 U.S.C. § 2255 on the following grounds: (1) ineffective assistance of counsel, in that Petitioner's attorney failed to argue that the two sentences should run concurrently instead of consecutively, and (2) the Court erred by treating the Sentencing Guidelines as mandatory instead of advisory at sentencing. [Civ. Dkt. No. 2]. Each of Petitioner's grounds will be discussed in turn.

## II. DISCUSSION

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam) (citing *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981)). Generally, § 2255 claims fall under four categories: (1) constitutional issues; (2) challenges to the district court's jurisdiction to impose the sentence; (3) challenges to the length

---

[2] It is important to note that, here, Petitioner is only challenging his two sentences for violation of supervised release, and not the 85 month sentence for the offense of illegal re-entry. Petitioner previously filed a motion with this Court under § 2255, challenging all three sentences, which was dismissed as the statute of limitations had run on his 85 month sentence. [5:09-cv-32, Dkt. No. 3].

of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted). After conducting an initial examination of the petition, the Court must dismiss if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." 28 U.S.C. § 2255, PROC. R. 4(b).

### A. Ineffective Assistance of Counsel

Ineffective assistance of counsel constitutes a violation of the Sixth Amendment right to counsel, a constitutional claim permitted under 28 U.S.C. § 2255. Petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that he suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In assessing constitutional deficiency, a court indulges a strong presumption that counsel's conduct fell within the wide range of reasonable assistance. *Id.* at 689. "Prejudice" requires that the petitioner show a reasonable probability that, but for counsel's unprofessional errors, the proceeding's result would have been different. *Id.* at 694. A "reasonable probability" is a probability which undermines confidence in the outcome. *Id.* A court may dispose of an ineffectiveness claim by first looking to whether the petitioner has shown prejudice. *Id.* at 697. Finally, the same principles of effectiveness apply to habeas proceedings, with the proviso that "the presumption that a criminal judgment is final is at its strongest in collateral attacks on that judgment." *Id.*

Petitioner's claim for ineffective assistance of counsel rests on the allegation that the Court erred in ordering Petitioner's two sentences for violating supervised release be served consecutively. Petitioner argues that by not recognizing this error and by failing to argue that the

two sentences should be run concurrently with each other, his attorney's advocacy fell below the "objective standard of reasonableness" required by *Strickland*.

As evidence that the Court erred in ordering the two sentences be served consecutively, Petitioner points to *United States v. Myers*, 104 F.3d 76 (5th Cir. 1997), for the proposition that "18 U.S.C. § 3624(e) does not authorize the 'stacking' of supervised release terms and that the commentary to U.S.S.G. § 5G1.2 in fact expressly prohibits such consecutive terms." *Myers*, 104 F.3d at 81. While Petitioner is correct that the Sentencing Guidelines require that multiple terms of supervised release be run concurrently, this principle has no application when it comes to sentencing for *violation* of multiple terms of supervised release. Petitioner himself was given the benefit of the principle addressed in *Myers*, when his two terms of supervised release were run concurrently. However, when Petitioner violated the concurrent terms, the applicable sentencing provision became U.S.S.G. § 7B1.3, which applies to revocations of supervised release. While § 7B1.3 does not contain a specific provision for whether sentences imposed for violations of multiple supervised releases should be run concurrently or consecutively, the Commentary to § 7B1.3 notes that

> Subsection (f) provides that any term of imprisonment imposed upon the revocation of probation or supervised release shall run consecutively to any sentence of imprisonment being served by the defendant. Similarly, it is the Commission's recommendation that any sentence of imprisonment for a criminal offense that is imposed after revocation of probation or supervised release be run consecutively to any term of imprisonment imposed upon revocation.

U.S.S.G. § 7B1.3, Commentary 4. In the absence of a provision specifically directing the Court to run the two terms of imprisonment concurrently, and in light of the Guidelines preference for consecutive sentences when dealing with revocation of supervised release as reflected in the Commentary, the Court did not err in its judgment that the two terms in Petitioner's case be run consecutively.

To prove prejudice, Petitioner is required to show a "reasonable probability" that if his counsel had in fact raised this issue and argued that the 18 and 8 month sentences should run concurrently to each other, the Court would have come to a different conclusion. While Petitioner's counsel did not argue that the two sentences for violation of supervised release should run concurrently to *each other*, counsel did argue that the two sentences for violation of supervised release should be run concurrently to the sentence for the offense of illegal re-entry:

| | |
|---|---|
| Court: | "Is there anything else that you wish to say on your client's behalf?" |
| Defense: | "Just, your Honor, we would ask the Court to consider running the supervised releases concurrent to this case . . ." |

[Digital Recording of May 15, 2007 Sentencing ("S.Rec.") at 9:59 a.m.].  With this exchange, Petitioner's counsel *did* raise the issue of concurrent sentences with the Court, even if he did not lay out each possibility in which the three sentences could be arranged, concurrently or consecutively.  Petitioner has provided no evidence that his counsel's limited argument was insufficient to bring the matter to the Court's attention.

Given the applicable standards discussed above and the argument for concurrent sentences by Petitioner's counsel at sentencing, Petitioner fails to demonstrate a "reasonable probability" that a different conclusion would have been reached if his counsel had specifically argued for the eight (8) and eighteen (18) month sentences to run concurrently.  As Petitioner cannot show a "reasonable probability" of a different outcome, Petitioner fails to prove prejudice as required by *Strickland*.  Accordingly, Petitioner's § 2255 claim for Ineffective Assistance of Counsel is hereby **DENIED**.

### B. Sentencing Guidelines as Advisory

Next, Petitioner argues that the Court committed error by sentencing him under a

mandatory guidelines scheme, instead of treating the Sentencing Guidelines as advisory only, as mandated by *United States v. Booker*, 543 U.S. 220, 264 (2005). [Civ. No. 5:09-cv-57, Dkt. No. 1].

In *Booker*, the Supreme Court stripped the Federal Sentencing Guidelines of their mandatory status, rendering them advisory only. *Booker*, 543 U.S. at 264. The Fifth Circuit has made clear that "in light of Booker, which rendered the Sentencing Guidelines advisory, the application of the Guidelines as mandatory constitutes error that is plain." *United States v. Quintanilla-Gonzalez*, 326 Fed. Appx. 785, 786 (5th Cir. 2009). However, case law and common sense seem to call for a presumption that District Court sentences are proscribed with a clear understanding of the advisory nature of the Guidelines, especially, as here, five years after the Supreme Court's landmark decision in *Booker*. *United States v. Alonzo*, 435 F.3d 551, 553 (5th Cir. 2006) ("[The appellant was] sentenced after the Supreme Court decided *Booker* and therefore sentenced under a discretionary regime."). Post-*Booker* and absent evidence that the Court erroneously considered itself bound by the Guidelines, an appellate court will not disturb the respective sentence unless it is "unreasonable." *Id.* at 553-55. "[A] sentence within a properly calculated Guideline range is presumptively reasonable." *Id.* at 554. Petitioner does not claim that the Court miscalculated his sentence under the advisory Guidelines.

In support of his claim that the District Court was not cognizant of *Booker* at sentencing, Petitioner alleges that his previous sentence of 37 months for Money Laundering in Cr. No. 5:06-cr-1746 should have been served concurrently to the 45-month term for Conspiracy in Cr. No. 5:07-cr-385, but was in fact served consecutively. Because this Court did not reduce the total term imposed in this case by the 37 months wrongly served by Petitioner for Money Laundering, the Court was treating the Guidelines as mandatory, or so argues Petitioner. However, this issue

was brought up at sentencing, was cause for a continuance, and was resolved against petitioner based on the following facts:

On April 19, 2002, Petitioner was sentenced to 37 months for Money Laundering in Cr. No. 5:06-cr-1746.[3] [Cr. No. SA-00-CR-317-FB-21, Dkt. No. 665]. In the original Judgment, the Court ordered:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 37 months, with credit for time served. This sentence shall be served concurrent with the sentence imposed in the other federal court case.

[Cr. No. SA-00-CR-317-FB-21, Dkt. No. 665 at 2]. Under this language, Petitioner would be correct that his previous 45-month sentence would completely overlap his subsequent sentence of 37 months. However, Petitioner fails to acknowledge that this Judgment was amended on December 20, 2002, where the Court deleted the second sentence, leaving:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 37 months, with credit for time served.

[Cr. No. SA-00-CR-317-FB-21, Dkt. No. 731 at 2]. Thus, Petitioner's 37-month sentence was originally to run concurrent to his previous sentence, but was later changed to run consecutive.

This information was also contained in the Pre-Sentence Investigation Report ("PSR"), prepared for purposes of sentencing the Petitioner for his dual violations of supervised release and illegal re-entry. [Cr. No. 5:06-1529, Dkt. Nos. 18, 20, 21]. At sentencing, when the Court asked if he had reviewed the PSR with his attorney, Petitioner replied "Yes, Your Honor." [Digital Recording of May 15, 2007 Sentencing ("S.Rec.") at 9:56 a.m.].

For the reasons set forth above, Petitioner was not wrongfully in custody for longer than

---

[3] "Cr. No. 5:06-cr-1746" is the Southern District of Texas case number for Petitioner's Money Laundering case. This case was formerly "SA-00-CR-317-FB-21" when it was in United States District Court for the Western District of Texas. As the Western District record is more comprehensive, further references to this case will be cited to the Western District case number SA-00-CR-317-FB-21.

intended by the Court. Thus, the Court's decision to give no weight to this part of Petitioner's argument at sentencing provides no evidence that the Court treated the Sentencing Guidelines as mandatory. Absent any such evidence, Petitioner's claim must fail. Petitioner was sentenced under the post-*Booker* advisory Guidelines system and the record indicates that the Court was aware of the Guidelines' advisory nature. Accordingly, Petitioner's § 2255 claim for the Court's failure to treat the Sentencing Guidelines as advisory is hereby **DENIED**.

### III. CONCLUSION

Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DISMISSED with prejudice**. [Dkt. No. 1]. Should he seek one, a certificate of appealability is **DENIED**. A separate final judgment shall issue.

IT IS SO ORDERED.

Done this 2nd day of November, 2009, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE